1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT

9    EASTERN DISTRICT OF CALIFORNIA

10

11   J & J SPORTS PRODUCTIONS, INC.,          No.  2:15-cv-01882-MCE-DB

12                    Plaintiff,

13        v.                                   **ORDER**

14   KEN ZIU THANG, et al.,

15                    Defendants.

16

17        By way of this action, Plaintiff J & J Sports Productions, Inc., ("Plaintiff") asserted

18   several causes of action against Defendants Ken Ziu Thang and Shannon Saetern, both

19   individually and doing business as Spitzer's Walnut Room (the "Walnut Room")

20   (collectively "Defendants") based on the unlawful interception and broadcast of a

21   television program to which Plaintiff had the exclusive commercial distribution rights.

22   Plaintiff successfully moved for partial summary judgment on its claim under 47 U.S.C.

23   § 605 and its state law conversion claim.[1]  Plaintiff was then directed to submit

24   supplemental briefing on the issue of damages.  Now pending before the Court is

25   ///

26   ///

27   _____

28       [1] The Complaint also set forth causes of action for violation of 47 U.S.C. § 553, and California's
     Unfair Competition Law, California Business and Professions Code § 17200, et seq., ("UCL").

                                              1

Plaintiff's request for $28,800 in damages along with costs and attorneys' fees. Plaintiff's request is hereby GRANTED in part and DENIED in part.[2]

## BACKGROUND

At all times relevant to this action, Plaintiff had exclusive nationwide distribution rights to "'Mayhem' Floyd Mayweather, Jr. v. Marcos Rene Maidana II," a boxing program which aired on Saturday, September 13, 2014 ("the Program"). In accordance with those rights, Plaintiff entered into various sublicensing agreements with commercial establishments such as bars and restaurants pursuant to which it granted those establishments the rights to publicly broadcast the Program to their respective patrons. Plaintiff's rights included airing not only the main event but also the undercard bouts before the Program. Plaintiff's rights extended to all non-residential establishments, and all commercial establishments were therefore required to contract with Plaintiff for a license to legally air the Program. Defendants, however, aired the Program at the Walnut Room, their establishment, without Plaintiff's authorization.

On the evening the Program was scheduled to air, investigator Jennifer Eggert visited the Walnut Room. Eggert saw the Program displayed on two out of the three television sets in the bar and counted approximately 25 individuals inside the Walnut Room at the time. The maximum capacity of the Walnut Room is 49 people. Based on this number, Plaintiff would have charged Defendants $2,200 to show the Program in the bar. Defendants did not have a cover charge at the Walnut Room, but did impose a two-drink minimum in the bar that night.

In a previous Order, this Court granted Plaintiff's Motion for Partial Summary Judgment and directed Plaintiff to submit supplemental briefing on the question of damages. In compliance therewith, Plaintiff submitted a motion requesting damages in

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230.

the amount of $28,000, comprising $6,600 under 47 U.S.C. § 605(e)(3)(C)(i)(II), $20,000

under U.S.C. § 605(e)(3)(C)(ii), and $2,200 for its conversion claim. Plaintiff also

requests costs and reasonable attorneys' fees.

**ANALYSIS**

### A.    Damages Under 47 U.S.C. § 605

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and

enhanced statutory damages pursuant to § 605(e)(3)(C)(ii). Pursuant to § 605(a), "no

person receiving, assisting in receiving, transmitting, or assisting in transmitting any

interstate or foreign communication by wire or radio shall divulge or publish the

existence, contents, substance, purport, effect, or meaning thereof, except through

authorized channels of transmission of reception." Those who violate this section are

subject to the following civil penalty:

> [T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, the statute provides for enhanced damages

as follows:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Id., § 605(e)(3)(C)(ii).

Plaintiff requests statutory damages of $6,600 pursuant to § 605(e)(3)(C)(i)(II) and

enhanced statutory damages of $20,000 pursuant to 605(e)(3)(c)(ii), which sums it

3

contends comport with the overarching goal of deterrence.  See Joe Hand Promotions, Inc. v. Gamino, 2011 WL 66144, *4 (E.D. Cal. Jan. 10, 2011) (stating the amount of damages awarded should be in an amount that is adequate to deter these defendants and others from committing similar acts in the future); J & J Sports Productions, Inc. v. Tonita Restaurant, LLC, No. 5:13-CV-382-REW, 2015 WL 9462975, *5, n.8 (E.D. Ky. Dec. 28, 2015) (noting that unlawful access must cost a violator more than face ticket price and finding a treble award appropriate).  In this case, however, the amounts requested will be reduced for two reasons.

First, most of the cases relied on by Plaintiff are not from this circuit and are inconsistent with the damages awarded in this forum.  Second, the facts as presented to the Court do not warrant the hefty penalty that Plaintiff requests.

The Court is cognizant that, with regard to statutory damages, "[c]ourts in this circuit have granted widely varying awards ranging from near the minimum statutory award of $1,000 to near the maximum of $110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance."  Joe Hand Promotions, Inc. v. Roseville Lodge No. 1293, 161 F. Supp. 3d 910, 915-16 (E.D. Cal. 2016) (citations and quotation marks omitted).  In this case, however, the Court determines an award near the minimum is most appropriate.  See Gamino, 2011 WL 66144 (awarding the statutory maximum to deter a repeat offender from continued violations); J & J Sports Prods. v. Tilakamonkul, No. 1:10-cv001705 AWI GSA, 2011 WL 2414550 (E.D. Cal. June 10, 2011) (recommending $10,000 in statutory damages for a modern, centrally located family restaurant); Integrated Sports Media, Inc. v. Naranjo, No. 1:10-cv-00445-AWI-SMS, 2010 WL 3171182, at *12, (E.D. Cal. Aug. 10, 2010) (granting the statutory minimum where twenty persons were present).  Here, the bar in question could be classified as a small "dive" bar with a max capacity of 49.  In addition, only 25 patrons were present at the time the Program was aired.  The bar is not centrally located, nor was the Program
///

4

shown on numerous televisions.  The Court thus finds that statutory damages of $2,000 is appropriate.

The Court is unconvinced that $20,000 in enhanced damages is warranted. Although Defendants charged a two-drink minimum, they did not advertise the broadcast or charge a cover.  Accordingly, while Defendants may have benefitted somewhat intangibly from being able to provide patrons with the ability to watch a highly-anticipated boxing match, the actual economic gain here was certainly minimal given the number of persons present.  The Court awards $1,000 in enhanced statutory damages.

### B. Damages for Conversion

Plaintiff may recover as damages the value of the property at the time of the conversion.  Cal. Civ. Code. § 3336; Krueger v. Bank of Am., 145 Cal. App. 3d 204, 215 (1983).  Plaintiff offered evidence that it is entitled to $2,200 in damages for the conversion, as that is the amount the Defendants would have had to pay to broadcast the Program lawfully.  It has thus carried its burden with respect to the amount of damages for the conversion claims.

Defendants claim, however, that allowing damages for both Plaintiff's § 605 claim and its conversion claim would result in impermissible duplicative recovery.  This circuit has repeatedly awarded damages under both federal and state law.  Roseville Lodge No. 1293, 161 F. Supp. 3d at 917-18; Gamino, 2011 WL 66144, at *4.  To avoid impermissible duplicative recovery however, the Court did not consider the value of Defendants' unauthorized showing of the Program when determining the appropriate statutory damages under § 605.  Accordingly, the Court's award of $2,200 in conversion damage is not duplicative.

### C. Costs and Attorney's Fees

Plaintiff's Motion also seeks attorneys' fees and costs.  Section 605 mandates an award of costs and attorneys' fees to an aggrieved party.  Specifically, the section states that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).

1   Defendants do not oppose this request.  Plaintiff, however, did not identify the fees and

2   costs incurred.

3         Moreover, there are still two remaining claims in this action.  The Court declined

4   to grant summary judgment to Plaintiff on its claim arising under 47 U.S.C. § 553, and

5   Plaintiff declined to seek summary judgment on its California UCL claim.  Accordingly, an

6   order of fees and costs is premature.  Instead, as set forth below, Plaintiff is directed to

7   file a status report advising the Court how it intends to proceed on its outstanding causes

8   of action.

9

10   **CONCLUSION**

11

12         In light of the foregoing, the Court awards Plaintiff damages in the amount of

13   $5,200.  Not later than ten (10) days following the date this Memorandum and Order is

14   electronically filed, Plaintiff is directed to file a status report with the Court advising how it

15   intends to dispose of its remaining claims.  After the Court reviews Plaintiff's submission,

16   it will determine if a briefing schedule on attorneys' fees and costs should be set.

17         IT IS SO ORDERED.

18   Dated:  December 29, 2018

19

20   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

6