1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    J & J SPORTS PRODUCTIONS, INC.,          No.  2:15-cv-01882-MCE-DB

12                    Plaintiff,

13          v.                                  **ORDER**

14    KEN ZIU THANG, et al.,

15                    Defendants.

16

17          By way of this action, Plaintiff J & J Sports Productions, Inc., ("Plaintiff") asserted

18    several causes of action against Defendants Ken Ziu Thang and Shannon Saetern, both

19    individually and doing business as Spitzer's Walnut Room (the "Walnut Room")

20    (collectively "Defendants") based on the unlawful interception and broadcast of a

21    television program to which Plaintiff had the exclusive commercial distribution rights.

22    Plaintiff successfully moved for partial summary judgment on its claim under 47 U.S.C.

23    § 605 and its state law conversion claim, and the Court awarded it damages in the

24    amount of $5,200.[1]  ECF Nos. 26, 31.  Presently before the Court is Plaintiff's Motion for

25    Attorney's Fees and Costs.[2]  ECF No. 37.  That request is GRANTED in part.

26          [1] Plaintiff's remaining causes of action were later dismissed.  ECF No. 33.

27          [2] Because oral argument would not be of material assistance, the Court ordered this matter
      submitted on the briefs.  E.D. Cal. Local Rule 230.

28

                                              1

1

**ANALYSIS**

2

3          Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including

4     awarding reasonable attorney's fees to an aggrieved party who prevails."[3]  Reasonable

5     attorney's fees are determined by initially calculating the so-called "lodestar," which is

6     the amount of hours reasonably expended multiplied by a reasonable hourly rate.  See

7     Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).   A court may then

8     adjust the lodestar amount in either direction based on a series of factors identified by

9     the Ninth Circuit in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (1975); McGrath v.

10    County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).  Those factors include 1) the time

11    and labor required; 2) the novelty and difficulty of the questions involved, 3) the skill

12    required to perform the legal service properly; 4) the preclusion of other employment by

13    the attorney due to acceptance of the case; 5) the customary fee, 6) whether the fee is

14    fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the

15    amount involved and the results obtained; 9) the experience, reputation, and ability of

16    the attorneys; 10) the "undesirability" of the case, 11) the nature and length of the

17    professional relationship with the client; and 12) awards in similar cases.  Kerr, 526 F.2d

18    at 70.  Significantly, whether to award fees and in what amount is a matter within the

19    sound discretion of the trial court.  Id. at 69.

20          There is a strong presumption in favor of viewing the lodestar as reasonable, with

21    an adjustment either upward or downward being appropriate only in the rare and

22    exceptional case.  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045

23    (9th Cir. 2000); Mitchell v. Chavez, No. 1:13-cv-01324-DAD-EPG, 2018 WL 3218364, at

24    * 2 (E.D. Cal. 2018).  Nevertheless, in calculating the lodestar, "the district court should

25    exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"  McCown v.

26    City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley,

27    461 U.S. at 434).

28

---

[3] There is no dispute here that Plaintiff is the "prevailing party."

1    The party seeking an award of attorney's fees bears the burden of producing

2  documentary evidence demonstrating "the number of hours spent, and how it

3  determined the hourly rate(s) requested." Id.  Then the burden shifts to the opposing

4  party to submit evidence "challenging the accuracy and reasonableness of the hours

5  charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v.

6  County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

7    In this case, Plaintiff seeks to recover for the labor of attorney Thomas P. Riley at

8  a rate of $550 per hour, for the labor of research attorneys at the rate of $300 per hour,

9  and for the labor of the associate attorney at $275 per hour.  According to Mr. Riley,

10  billable hours are not recorded simultaneously, but are "reconstructed by way of a

11  thorough review of the files themselves."  Riley Decl., ECF No. 37-1, ¶ 7.  Based on this

12  system, Plaintiff seeks to cover for a total of 48.02 hours expended for a total of

13  $12,043.70.[4]

14    In opposition, Defendants contend that that the fee request is excessive

15  compared to the damages awarded and claim that the fees sought should therefore be

16  reduced by 95%.  This argument is unpersuasive.  The point of these lawsuits is to deter

17  commercial piracy, and the success is measured not just by the amount of money

18  recovered but also by the anticipated prevention of future misappropriation.  The Court

19  thus finds no reduction warranted on this basis.

20    In addition, Defendants argue that granting Plaintiff's requested fees will

21  incentivize delay tactics that can only be employed when a defendant actually answers

22  and litigates in defense of a case like this.  That is, according to Defendants, awarding

23  Plaintiff its requested fees will put Defendants in a worse position than if they had

24  ignored the lawsuit and allowed a default judgment to be entered, such that counsel

25  would have been required to expend less time on this case.  This argument has some

26

27    [4] Plaintiff also seeks $1,187.11 in costs.  Defendants oppose only the "investigative costs" sought arguing that the costs are not recoverable and, even if they were, Plaintiff's documentation is insufficient.
The Court agrees.  Plaintiff's one-page invoice includes absolutely no detail or supporting information and
28  thus these costs will be disallowed.

3

1   facial appeal, but ultimately had Defendants not misappropriated Plaintiff's program, they

2   would not be in this position in the first place, and Plaintiff is entitled to recover for the

3   fees actually incurred.

4        That said, the Court is not impressed with Plaintiff's counsel's approach of

5   submitting estimated reconstructions of fees in lieu of actual billing records.  Given the

6   lack of evidence supporting the veracity of this construction, and the fact that Plaintiff's

7   counsel has litigated a multitude of similar cases such that many of the tasks undertaken

8   would be more or less routine, the Court finds a 25% reduction in the hours sought is

9   warranted.

10        Nor is the Court convinced that the billable hourly rates sought are reasonable.

11   Not long ago, another court in this district considered this question and determined that

12   $350 per hour for Plaintiff's counsel, based on his skill and experience, was appropriate.

13   J&J Sports Prod., Inc. v. Barajas, Case No. 1:15-cv-01354-DAD-JLT, 2017 WL 469343,

14   at *2 (E.D. Cal. Feb. 2, 2017).  This Court finds this reduced rate to be reasonable here

15   as well.  It thus concludes that $350 per hour is appropriate for Mr. Riley and that $200

16   per hour is appropriate for the remaining attorneys.  Plaintiff's fee request will thus be

17   further reduced accordingly.

18

19   **CONCLUSION**

20

21        In light of the foregoing, the Court awards Plaintiff $6,533.40 in attorney's fees

22   and $587.11 in costs.

23        IT IS SO ORDERED.

24   Dated:  June 3, 2020

25

26   MORRISON C. ENGLAND, JR
      UNITED STATES DISTRICT JUDGE

27

28